STATE of Utah, Plaintiff and Respondent,

v.

Stanley LeRoy GEHRING, Defendant and Appellant.

No. 19790.

Supreme Court of Utah.

Dec. 3, 1984.

Richard L. Bird, Jr., Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HOWE, Justice.

Defendant appeals from his nonjury conviction of rape, U.C.A., 1953, § 76–5–402. He contends that the trial court erred by convicting him out of passion and prejudice, by refusing to require production of the bed on which the rape allegedly occurred, and by denying him a new trial to permit him to produce another witness.

Defendant was a male nurse at a convalescent home. On the evening of December 29, 1982, a nurse's aide saw defendant standing beside the bed of a heavily drugged patient, moving his hips in a rocking motion. It appeared to the aide that defendant was having sexual intercourse with the patient. The police were called, and defendant explained to them that he was washing the victim's private parts because she had become soiled and that he was performing some range-of-motion exercises on her legs before putting a diaper back on her. Blood stains on defendant's clothing matched the victim's blood type. The police obtained a pubic hair from the victim that matched defendant's pubic hair in several particulars. Moisture samples taken from the victim's vagina contained a nonmotile sperm cell. During interrogation by the police, defendant denied the offense, but one of the police officers later testified that defendant mumbled that it was the most foolish thing he had ever done. In a later conversation with his wife, which was also overheard by the police, defendant told her "that he did it," that it was a foolish thing to do, and that he was sick and needed help.

## I. VERDICT OUT OF PASSION AND PREJUDICE

Defendant argues that the evidence was insufficient and inconclusive, and therefore the trial judge convicted him out of passion and prejudice. When there is any evidence, including reasonable inferences that can be drawn from it, from which findings of all the requisite elements of the crime can be reasonably made, our inquiry stops, and we sustain the verdict. *State v. Griffin*, Utah, 685 P.2d 546, 547 (1984); *State v. Petree*, Utah, 659 P.2d 443, 444 (1983).

Although there was no direct proof of intercourse, the inferences reasonably drawn from the evidence support the conviction. The absence of semen on the materials tested is immaterial. Emission of semen is not necessary to the crime of rape; penetration is all that is necessary. U.C.A., 1953, § 76–5–407(3). The bloodstains on defendant's clothing, the presence of the sperm, the pubic hair found in the victim's pubic area, the testimony of the nurse's aide, and the admissions of defend-

ant are evidence from which the trier of fact could have found that there was penetration. Defendant does not intimate in what other regard the trial judge acted out of passion or prejudice, and we are unable to find any judicial impropriety from our reading of the record.

## II. PRODUCTION OF THE BED

 Defendant wanted to bring the victim's nursing home bed into court to demonstrate that intercourse was impossible under the testimony presented by the nurse's aide. The prosecutor told defendant that he would arrange to have the bed in court. After a good faith effort, the prosecutor was unsuccessful in bringing the bed. Defendant then requested that the court convene at the nursing home. The court reserved ruling on defendant's request until more evidence was presented. Several exhibits were admitted into evidence that demonstrated the height, size, and configuration of the bed. After receiving this evidence and hearing testimony concerning it, the court decided that it was unnecessary to convene at the nursing home, but told defendant that the court would not stop defendant from procuring the bed. Defendant did not ask for a recess, continuance, or court order to allow him to bring the bed into court. The judge told the parties that the evidence that had been presented was sufficient for him.

The evidence presented at trial was adequate for the court to understand the positioning of defendant and the victim. Testimony adduced at trial demonstrated that the bed's height was adjustable and that defendant's pelvic area was at the same level as the victim's. The blood stains on defendant's clothing also indicate the proximity of defendant's and the victim's pelvic areas. According to the nurse's aide, defendant and the victim were "pelvic to pelvic." We do not see how the absence of the bed had any prejudicial effect.

## III. DENIAL OF NEW TRIAL TO PRODUCE ANOTHER WITNESS

 Rule 24(a) of the Utah Rules of Criminal Procedure, U.C.A., 1953, § 77–35–24(a), provides:

The court may, upon motion of a party or upon its own initiative, grant a new trial in the interest of justice if there is any error or impropriety which had a substantial adverse effect upon the rights of a party.

Defendant asserts that this rule allows him another trial to produce a witness who was unavailable at trial. Although defendant claims that the witness, a psychologist, would have presented favorable testimony material to his defense, the witness's absence was not due to any error or impropriety at trial. Rather, the witness was out of town attending a convention. Defendant had ample opportunity to request a new trial date or ask for a continuance to accommodate the psychologist's calendar. He did neither. We hold that the trial court did not err in denying the new trial.

Affirmed.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.