STATE of Utah, Plaintiff and Appellee,

v.

Henry Clay HOPKINS, Defendant and Appellant.

No. 880413.

Supreme Court of Utah.

Oct. 19, 1989.

Lynn R. Brown, Joan C. Watt, Salt Lake City, for defendant and appellant.

R. Paul Van Dam, Charlene Barlow, Salt Lake City, for plaintiff and appellee.

HALL, Chief Justice:

Defendant was charged with and convicted of aggravated sexual assault perpetrated with the threatened use of a sixteen-inch knife.[1] Defendant's principal contention on appeal is that the victim's testimony in conjunction with other evidence regarding the assault and use of the knife was inherently improbable and that it was insufficient to support the verdict of the jury.

■ The facts of this case, viewed in the light most supportive of the jury verdict, are abbreviated as follows: Susan Evans, a 36–year–old dispatcher for the Park City Police Department testified that some of her fellow officers dropped her off at Sugarhouse Park while they visited a firing range. Evans intended to complete department paperwork and enjoy the park. She sat down on a slope in an area among some twenty other park patrons. As she was watching a flock of birds, defendant came from behind, put his hand over her mouth and grabbed her upper body, saying, "Don't scream or I'll hurt you." He then removed his hand but continued to hold her, never completely releasing her during the entire assault, which covered the better part of an hour.

Defendant fondled her legs, breasts, and vaginal area. He kissed her face, neck, and breasts. All the time, Evans resisted by turning her head and body and attempting to keep her legs together. When she expressed anger, defendant forced her head to the ground and she bit him on the heel of his hand. While on her back with defendant lying partially on top of her, defendant reached behind his back and produced the sixteen-inch knife, which he stuck in the ground, angling it across Evans' neck so that the blade touched her skin. Defendant stated, "If you scream I'll kill you." He then pulled down her skirt and panties and rubbed her genital area with his hand.

Ultimately, Evans was able to grasp the knife and fling it away. She told defendant she could see a motorcycle policeman down the hill, and defendant rolled off of her. Evans was then able to break free and run to the policeman. Defendant ran away but was apprehended fifteen minutes later, having climbed into a tree.

Defendant testified that his sexual encounter with Evans was consensual, that it was not accomplished by threats, and that he carried the knife only for protection. Several park patrons testified that they were embarrassed by defendant's sordid acts, that they observed Evans' resistance to the assault, and that they called out, suggesting that their escapade be taken to a private place and out of the view of the public.

---

1. In violation of Utah Code Ann. § 76–5–405 (Supp.1988).

The standard for review of the sufficiency of the evidence is as stated in *State v. Petree:*[2]

[W]e review the evidence and all inferences which may reasonably be drawn from it in the light most favorable to the verdict of the jury. We reverse a jury conviction for insufficient evidence only when the evidence, so viewed, is sufficiently inconclusive or inherently improbable that reasonable minds must have entertained a reasonable doubt that the defendant committed the crime of which he was convicted.[3]

Also, as was observed in *State v. Gehring:*[4]

When there is any evidence, including reasonable inferences that can be drawn from it, from which findings of all the requisite elements of the crime can be reasonably made, our inquiry stops, and we sustain the verdict.[5]

It lies within the province of the jury to determine the facts, and this Court does not have the prerogative to substitute its judgment on the credibility of witnesses for that of the fact-finder.[6] When faced with a challenge to the sufficiency of the evidence, the Court, then, must review the evidence in the light most favorable to the jury verdict and will overturn the verdict only when the evidence is so lacking or insubstantial that a reasonable person could not have reached that verdict beyond a reasonable doubt.[7]

Application of the foregoing standard of review in the instant case prompts the conclusion that defendant's challenge to the sufficiency of the evidence is without merit. Notwithstanding defendant's conflicting testimony of innocence, there is sufficient, admissible, credible evidence to support the conviction, and it was not unreasonable for the jury to conclude that the encounter was not consensual and that the assault was perpetrated by force and fear, including the use of a knife as a dangerous weapon.

■ Defendant also advances as a point on appeal the trial court's refusal to give a requested jury instruction, the gist of which was that if the jury found that he reasonably believed the victim consented to his acts that it could not convict him of the offense charged.

The trial court duly instructed the jury on the objective elements of the offense of aggravated sexual assault delineated by statute and pertinent to this case, namely, sexual touching or the taking of indecent liberties without the consent of the victim by the use of a dangerous or deadly weapon and while acting knowingly, intentionally, or recklessly.[8] However, defendant's requested instruction seeks to introduce an additional element of the offense which is subjective in nature.

In *State v. Elton,*[9] a case involving an act of intercourse with a minor, this Court rejected a strict liability standard that a mistake as to the minor's age was not a defense to the charge of unlawful sexual intercourse, stating in dictum:

[I]t is fundamentally unfair to allow the victim in such a crime—who necessarily has also violated the law—to mislead the defendant as to an element of the crime and then place the blame for the mistake on the defendant rather than the person who created the deceit and entrapped the defendant into committing a crime he or she attempted to avoid.[10]

Defendant urges application of the same concept in this case. However, the facts and circumstances are not the same. Here, there was no evidence that the victim willingly accepted defendant's advances or

---

2. 659 P.2d 443 (Utah 1983).

3. *Id.* at 444.

4. 694 P.2d 599 (Utah 1984).

5. *Id.* at 600.

6. *State v. Lovato,* 702 P.2d 101, 107 (Utah 1985).

7. *State v. Dumas,* 721 P.2d 502, 504 (Utah 1986).

8. *See* Utah Code Ann. §§ 76-2-102, 76-5-404 (Supp.1989), 76-5-405 (Supp.1988), 76-5-406 (Supp.1987).

9. 680 P.2d 727 (Utah 1984).

10. *Id.* at 731.

that she deceived or in any way led defendant to believe that she welcomed or consented to his behavior. We therefore decline to view the element of consent as being other than objective, just as in *State v. DePlonty*,[11] wherein we concluded that the nonspouse element of the crime of aggravated sexual assault is an objective element and not dependent upon the defendant's state of mind.[12]

Defendant's remaining contention of error is based upon the trial court's denial of his motion for a mistrial due to alleged improper comments made during the prosecutor's closing argument, namely, (1) arguing facts not in evidence; (2) misstating the law of consent; (3) urging disregard of the court's instructions; and (4) expressing his personal opinion as to the weight of the evidence. Defendant also claims that these comments amounted to cumulative error.

■ Counsel is afforded considerable latitude in closing argument to the jury and may fully recount the evidence adduced and the reasonable inferences to be drawn therefrom.[13] However, counsel is precluded from arguing matters not in evidence.[14]

■ The standard to be applied in determining whether improper argument merits reversal is twofold: (1) was the argument directed toward matters the jury would not be justified in considering, and (2) was the error substantial and prejudicial such that in its absence there is a reasonable likelihood of a more favorable result for the defendant?[15]

■ In this case, the victim testified that defendant stuck the knife in the ground alongside her neck to compel her to submit to his advances. This defendant denied. In closing argument, the prosecutor pointed out that ground soil was clinging six inches up the blade of the knife. He argued that presence of soil on the knife

blade was corroboration of the victim's testimony. Defense counsel responded by arguing that the blade became soiled when the victim grabbed it and threw it away or that the soil adhered to the blade through some prior unrelated use of the knife.

It was thus undisputed that ground soil was visible on the knife blade, and a reasonable inference could be drawn from the evidence as to the time and place of its origin.

The jury was entitled to consider the physical condition of the knife and the presence of soil on the blade, and the trial court did not err in permitting the prosecution to present pertinent argument concerning it. As was observed by the Court in *State v. Kazda:*[16]

> It is our opinion that it is not only the prerogative, but the duty of either counsel, to analyze all aspects of the evidence; and this should include any pertinent statements or deductions reasonably to be drawn therefrom as to what the evidence is or is not, and what it does or does not show.[17]

■ Next, defendant challenges the propriety of the following argument of the prosecutor which was directed toward the issue of consent:

> And once again, the Judge gave you some instruction. She doesn't have to get herself hurt. She doesn't have to get blood drawn. She doesn't have to perform some heroic act. All she has to do is, if I may be facetious, is just say no.

Defendant objected to the foregoing comment, asserting that it constituted an improper statement of the law. Thereupon, the court instructed the jury as follows:

> THE COURT: I would indicate to the jury that you have heard the Court read the law to you, that you are aware of what the instructions are as far as the

11. 749 P.2d 621, 624 (Utah 1987).

12. *Id.* at 624.

13. *State v. Valdez*, 30 Utah 2d 54, 60, 513 P.2d 422, 426 (1973).

14. *See id.*, 513 P.2d at 426.

15. *State v. Tillman*, 750 P.2d 546, 555 (Utah 1987); *see Valdez*, 30 Utah 2d at 60, 513 P.2d at 426.

16. 540 P.2d 949 (Utah 1975).

17. *Id.* at 951.

law is concerned. And you are to apply those instructions not to statements or argument that the counsel makes, but apply the law that the Court has indicated to you to the facts in the case. If it's in conflict of what they said, you will apply it as the Court has said.

It is of course the prerogative of the court, and not that of counsel, to instruct the jury on the law of the case. However, it is apparent from the content of the prosecutor's comments that no effort was being made to usurp the court's prerogative. It simply appears to have been an effort on the part of counsel to appropriately, although facetiously, discuss the concept of consent the jury had already been instructed upon by the court. In any event, any impropriety engaged in by counsel was rendered harmless by the court's instruction that followed the prosecutor's comments.

■ In the further course of closing argument, the prosecutor urged the jury to exercise common sense in its deliberations. No objection was lodged at trial, but defendant now challenges this portion of the argument, asserting that it constituted plain error. We do not agree.

The prosecutor's comments concerning the jury's use of common sense was advanced in the context of the court's instructions as a whole, and in particular to the stock instruction which is typically given by the court:

The applicability of some of these instructions will depend upon the conclusions you reach as to what the facts are. As to any such instruction, the fact that it has been given must not be taken as indicating an opinion of the court and that the instruction will be necessary or as to what the facts are. If an instruction applies only to a state of facts which you find does not exist, you will disregard the instruction.

The prosecutor's "common sense" argument was a fair and proper interpretation and comment upon the foregoing instruction and the court's instructions as a whole.

The concept of common sense is part and parcel of the judicial process and is not to be lost sight of. Certainly its exercise is not to be viewed as a substitute for or a disregard of the court's formal instructions. Rather, it is a time-honored, wholly compatible part of the deliberative, decision-making process. Indeed, notwithstanding the contention of plain error on appeal, the record reflects that in closing argument defense counsel also urged the jurors to use their common sense.

■ Also in the course of closing argument, the prosecutor expressed his personal view of the weight of the evidence. His comments are excerpted from the record in pertinent part as follows:

But remember that what I say is not evidence. *The fact that this representative of the State is plainly impressed by the evidence is no call for you to be impressed by the evidence.*

When is the thing proven? A thing is proven individually. It's only when an individual, not a group but an individual, accumulates enough observations and impressions and reasonings and feelings to satisfy themselves [sic] personally that that is so.

Impressions that build to definite proof are nontransferable. *It is impossible for me to convey in words in any capacity why the State is so impressed with the evidence in this case.*

(Emphasis added.)

The foregoing argument is clearly directed toward a matter the jury would not be justified in considering and thus was improper.[18] As was pointed out in *United States v. Young:*[19]

The prosecutor's vouching for the credibility of witnesses and expressing his personal opinion concerning the guilt of the accused pose two dangers: such comments can convey the impression that evidence not presented to the jury, but known to the prosecutor, supports the charges against the defendant and can thus jeopardize the defendant's right to

---

**18.** *See Tillman,* 750 P.2d at 555; *Valdez,* 30 Utah 2d at 60, 513 P.2d at 426.

**19.** 470 U.S. 1, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985).

be tried solely on the basis of the evidence presented to the jury; and the prosecutor's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence.[20]

However, as was also observed in *Young*, "[A] criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone, for the statements or conduct must be viewed in context; only by so doing can it be determined whether the prosecutor's conduct affected the fairness of the trial." [21] The line which separates acceptable from improper advocacy is often difficult to draw; there is frequently a gray zone.[22]

■ In this case, when reviewed in proper context, the erroneous comments of the prosecutor appear to have been harmless. At the outset of his comments, the prosecutor specifically advised the jury that what he had to say was not to be taken as evidence, and in later reiterating this point, he noted that each juror need make an individual assessment of the evidence, regardless of his view of the evidence, taken as a representative of the State.

Defendant maintains that the prosecutor's comments conveyed the impression to the jury that there was other evidence known to the prosecution but not presented to the jury that would support the charge against defendant and that the jury was induced to trust the prosecutor's (and thus the state's) judgment rather than its own. However, although the prosecutor stated that he was "plainly impressed" by the evidence, he was quick to point out to the jury that there "is no call for you to be impressed." In any event, in light of the bizarre factual scenario of this case and the quantity of the evidence adduced, it seems wholly unlikely that the jury could have gained an impression that facts had been withheld and not presented in evidence.

In further light of the abundance of evidence of guilt in this case, there is no reasonable likelihood that absent the error, defendant would have received a more favorable result. We therefore conclude that the error was harmless. Defendant's contention of cumulative error is thus without merit. The conviction and judgment are affirmed.

HOWE, Associate C.J., and STEWART and DURHAM, JJ., concur.

ZIMMERMAN, J., concurs in the result.

---

**20.** *Id.* at 18–19, 105 S.Ct. at 1047–48 (citation omitted) (statement made in context of invited reply rule); *see State v. Carter*, 776 P.2d 886, 892–93 (Utah 1989), and cases cited therein.

**21.** 470 U.S. at 11, 105 S.Ct. at 1044.

**22.** *Id.* at 7, 105 S.Ct. at 1042.