2005 UT App 201

STATE of Utah, Plaintiff and Appellee,

v.

Ivan LARSEN, Defendant and Appellant.

No. 20031033–CA.

Court of Appeals of Utah.

May 5, 2005.

K. Andrew Fitzgerald, Moab, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Jeffrey S. Gray, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before Judges JACKSON, ORME, and THORNE.

## OPINION

JACKSON, Judge:

¶ 1 Ivan Larsen (Defendant) appeals his conviction for aggravated sexual abuse of a child, a first degree felony, *see* Utah Code Ann. § 76-5-404.1 (1999), claiming that the

prosecution's opening and closing statements were improper. We affirm.

## BACKGROUND

¶ 2 In January 2002, A.L.'s mother (Mother) suspected that Defendant was sexually abusing their five-year-old daughter, A.L., when A.L. began suffering from a series of vaginal infections and complained of Defendant touching her in the bathtub at times when Mother was away at work. In two interviews with police, A.L. provided more detail regarding the abuse and described certain objects Defendant had used, which police later found in Defendant's home. Defendant was convicted after a jury trial.

## ISSUES AND STANDARD OF REVIEW

¶ 3 On appeal, Defendant challenges his conviction by claiming that certain statements made by the prosecution during its opening statements and closing arguments were improper. Because he did not object to the statements at trial, we may reverse Larsen's conviction only if he proves the statements amount to plain error. *See* Utah R. Evid. 103(d) ("Nothing in this rule precludes taking notice of plain errors affecting substantial rights although they were not brought to the attention of the court."). "To demonstrate plain error, a defendant must establish that '(i) an error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful, i.e., absent the error, there is a reasonable likelihood of a more favorable outcome for the appellant.' " *State v. Dean*, 2004 UT 63, ¶ 15, 95 P.3d 276 (quoting *State v. Holgate*, 2000 UT 74, ¶ 13, 10 P.3d 346). " 'If any one of these requirements is not met, plain error is not established.' " *Id.* (quoting *State v. Dunn*, 850 P.2d 1201, 1209 (Utah 1993)).

## ANALYSIS

¶ 4 Generally speaking, trial counsel is given "considerable latitude in making arguments to the jury." *State v. Young*, 853 P.2d 327, 349 (Utah 1993). However, counsel may not " 'call[ ] to the juror[s'] attention matters which they would not be justified in considering in reaching a verdict.' " *State v. Calliham*, 2002 UT 86, ¶ 61, 55 P.3d 573 (citations omitted); *see also State v. Bradley*, 2002 UT App 348, ¶ 42, 57 P.3d 1139.[1]

¶ 5 Under the plain error standard, even if counsel makes improper statements, Defendant must prove that the error was both obvious and harmful. An error is obvious if the law on the area was "sufficiently clear or plainly settled," *Dean*, 2004 UT 63 at ¶¶ 16–17, 95 P.3d 276, and "the prosecutor's comments were so obviously improper that the trial court had an opportunity to address the error," *Calliham*, 2002 UT 86 at ¶ 62, 55 P.3d 573. We note that in cases regarding the propriety of prosecutorial comments, "[t]he line which separates acceptable from improper advocacy is often difficult to draw; there is frequently a gray zone." *State v. Hopkins*, 782 P.2d 475, 480 (Utah 1989) (footnote omitted).

¶ 6 An error is harmful if it is " 'of such a magnitude that there is a reasonable likelihood of a more favorable outcome for the defendant.' " *Dean*, 2004 UT 63 at ¶ 22, 95 P.3d 276 (quoting *State v. Evans*, 2001 UT 22, ¶ 16, 20 P.3d 888). An error is harmless if " 'it [is] very unlikely that a juror would consider these statements to be factual testimony from the prosecutor ... rather than [a] mere argument for [a determination] based on the evidence presented.' " *State v. Parsons*, 781 P.2d 1275, 1284 (Utah 1989) (quoting *State v. Lafferty*, 749 P.2d 1239, 1256 (Utah 1988)); *see also State v. Bakalov*, 1999 UT 45, ¶ 57, 979 P.2d 799. In determining whether a statement is harmful we recognize that " '[a] criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone," and only by viewing the statements in their context can we "determine[ ] whether the prosecutor's conduct affected the fairness of the trial.' "

---

1. As summarized in the Utah Rules of Professional Conduct, counsel may not

   allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue ..., or state a personal opinion as to the justness of a cause, the credibility of a witness, ... or the guilt or innocence of an accused.

   Utah R. Prof'l Conduct 3.4(e).

*Hopkins,* 782 P.2d at 480 (quoting *United States v. Young,* 470 U.S. 1, 11, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985)). Accordingly, we "consider the comments both in context of the arguments advanced by both sides as well as in context of all the evidence." *Bakalov,* 1999 UT 45 at ¶ 56, 979 P.2d 799.

¶ 7 Defendant contends that several remarks by the prosecution were obvious [2] and prejudicial errors. He first claims that the prosecutor overstepped these limits during opening statements when he concluded by saying to the jury:

> I think our evidence is strong and ... you will be convinced and I will ask you to convict.

Defendant contends that by using the term "I think," the prosecutor submitted his personal knowledge and opinion of the case as evidence to the jury. We cannot agree with Defendant that the statement is obviously erroneous,[3] and moreover, its effect on the jury was likely minimal. The prosecutor made the statement after previewing the elements of the crime and indicating that the prosecution intended to present evidence to prove each element. In stating that "I think our evidence is strong," the prosecutor merely summarized what the jury had already heard and indicated that, if proven, the evidence would be sufficient to convict. Moreover, in this context, the term "I think" does not operate as an assertion of testimony, and to the contrary, expresses a degree of uncertainty about the result that emphasizes the jury's discretion to reach another conclusion.

¶ 8 The remainder of Defendant's arguments regard statements made during the prosecution's rebuttal in closing arguments. These statements are not harmful for two reasons. First, the harm of improper statements made during closing arguments may be significantly reduced when the court instructs the jury not to regard statements by counsel as evidence. *See Parsons,* 781 P.2d at 1284. The court gave such an instruction in this case immediately before closing arguments, explaining in instruction 8 that the jury may rely on witness testimony, exhibits, and stipulated facts, but that "[s]tatements of the lawyers are not evidence."

¶ 9 Second, the Utah Supreme Court "[has] repeatedly observed 'that counsel for each side has considerable latitude in closing arguments and may discuss fully his or her viewpoint of the evidence and the deductions arising therefrom.'" *Bakalov,* 1999 UT 45 at ¶ 56, 979 P.2d 799 (quoting *State v. Dunn,* 850 P.2d 1201, 1224 (Utah 1993)) (alteration omitted); *see also Parsons,* 781 P.2d at 1284 ("Counsel for both sides have 'considerably more freedom in closing argument' and 'a right to discuss fully from their standpoints the evidence and the inferences and deductions arising therefrom.'" (citations omitted)).

¶ 10 Many of the statements Defendant challenges were offered to rebut assertions made by the defense in its closing arguments. The defense asserted that (a) Mother had failed to properly monitor A.L., (b) Mother had refused to acknowledge that A.L. had on occasion denied the abuse, (c) there was no medical evidence of abuse, and (d) A.L.'s testimony "creates a significant amount of doubt." In his rebuttal, the prosecutor addressed the issue of Mother's responsibility as a parent by stating that

> this isn't about whether [Mother] keeps a messy house or not or if she's organized.... [I]t wasn't about her competence as a mother.... [Mother] testified, in my opinion—and I guess everybody has a different opinion about what somebody

2. The claim that any error would have been obvious to the trial court in this case is belied by defense counsel's acknowledgment during oral argument before this court that the problematic nature of the statements was "rather subtle," when asked why he had not objected contemporaneously to the statements made by the prosecution.

3. Defendant's cited authority on this point is at best misleading. He relies on *State v. Dibello,* 780 P.2d 1221 (Utah 1989), for the proposition that repeated use of "I think" in counsel's remarks is improper. In reality, the court in that case makes no such holding, determining instead that the defendant had failed to object to the prosecutor's statements at trial and, therefore, the objection was not properly preserved because it did not affect a substantial right of the defendant. *See id.* at 1226–27 & n. 4. Thus, if anything, *Dibello* suggests that such "I think" statements may not amount to plain error.

says, but a mother who keeps track of a child ... is, to me, being fairly responsible. I don't think that [Mother] could have done anything.... It isn't about [Mother] or her supervision.

Defendant claims this statement allows the prosecutor to "assert[ ] through personal knowledge that the [D]efendant committed sexual abuse of a child." Such an effect seems exaggerated, given that the prosecutor's statement relies only on evidence presented at trial and appeals to the jury to make a common sense inference based on that evidence. In no way did the prosecutor assert that he had personal knowledge of abuse or facts concerning Mother's abilities as a parent.

¶ 11 Further, Defendant claims that the "prosecution gives his personal opinion as to what was said by [Mother] and creates a false impression as to [Mother]'s testimony." With regard to Mother's testimony, the prosecutor stated that

> [defense] counsel tried to get [Mother] to admit things. He said, "Now didn't—isn't this what she—isn't this what, ah, [A.L.] said in this? Isn't this what she said?" That's not what I remember.... Counsel tried to get her to say, "Oh, she—she backed off of this. She backed off of that," but she didn't say that. Check your notes. Check your memory. That didn't happen.

Contrary to Defendant's assertions, the prosecutor has not substituted his testimony for that of Mother. He merely describes the defense's efforts on cross-examination and urges the jury to rely on the testimony it heard directly from Mother.

¶ 12 Defendant next claims that the prosecutor improperly suggested to the jury that medical examinations on A.L. had been conducted:

> Maybe you're wondering why there's no medical evidence. But—but if there are medical reports in that file that talk about this thing, it's just as easy for the defense to subpoena those witnesses as it is for the prosecution. If I don't feel that kind of evidence is gonna help you in your decision, then I don't subpoena that witness.
>
> Now why would medical evidence possibly not help in a decision? If we have a

Medical Examiner take a look at a little girl and they say, "We've examined this girl and we can't either affirm or preclude what her statements are. We can't say yes or no," then that doesn't really help you, does it? Get somebody down here from Salt Lake City to tell you, "We can't say yes or no," means you know what?

Defendant argues that the prosecution's reference to medical reports resembles that of *State v. Young*, 853 P.2d 327 (Utah 1993). In that case, the prosecutor told the jury that the State would present only a part of the total evidence against the defendant, explaining that "[t]he State does not intend to bring in every single piece of evidence in this case.... I don't intend to bring in every piece of blood pooling on the floor...." *Id.* at 349 n. 79. The court determined that such a reference was plain error because the prosecution testified regarding evidence that had not been admitted, but concluded that the statement was harmless because the prosecution had presented overwhelming evidence of the defendant's guilt. *See id.* at 349.

¶ 13 The *Young* court was correct in emphasizing that a prosecutor cannot allude to outside, unadmitted evidence. Here, the defense asserted in its closing argument that the lack of medical evidence tended to be exculpatory, and the prosecutor responded by arguing that the lack of medical evidence was inconsequential. Both assertions validly present opposing inferences that the jury may have drawn from the absence of medical evidence at trial. Although the prosecutor bolstered his explanation by arguing that evidence of abuse does not always appear in medical examinations, a proposition for which an expert might have been called to testify, he essentially makes a common sense argument as to why medical evidence would not be necessary to prove the case. Because he did not claim that medical evidence of abuse existed, did not claim to have personal knowledge of any results, and did not significantly rely on medical evidence to make the State's case, we determine that the error, if any, was harmless.

¶ 14 Finally, Defendant claims that remarks made by the prosecutor in re-

buttal were, in effect, personal testimony regarding the sufficiency of the evidence:

> If you have had a doubt raised, you have to be able to say to yourself, "How is that—have I had some kind of doubt draw into this thing, based upon itself evidence that I heard?" I say you haven't, ladies and gentlemen. . . . [M]y belief is that the evidence in this case from [A.L.], from all of her statements, from her interviews is—is overwhelming. The elements of this case have been met.

As already discussed, a prosecutor may, in closing argument, summarize the evidence and its inferences from his or her viewpoint for the jury. *See State v. Bakalov,* 1999 UT 45, ¶ 56, 979 P.2d 799. A prosecutor's own assertion regarding what the evidence has established is not necessarily harmful. For example, no harm results when a prosecutor summarizes the evidence by telling the jury, "I don't think you believe that, and I don't think you'll find that . . . ." in closing argument because such comments "are logically mere predictions of what the jury would believe in its future deliberations." *State v. Parsons,* 781 P.2d 1275, 1283–84 (Utah 1989). Similar statements have also been held harmless. *See Bakalov,* 1999 UT 45 at ¶¶ 56–57, 979 P.2d 799 (holding no plain error existed when prosecutor states, "You know that [the witness] told the truth" and "She told the truth" (alteration in original)); *State v. Lafferty,* 749 P.2d 1239, 1255–56 (Utah 1988) (holding no plain error existed when prosecutor surmises from defendant's past actions that "[the defendant] will kill again. He will murder."). The statements here are harmless because the prosecutor does not offer an opinion of the case based on his personal knowledge or experience external to the proceedings; rather, he merely summarizes and characterizes the evidence presented at trial from the viewpoint of the State and offers a prediction as to how the jury will view the evidence upon deliberation.

¶ 15 Defendant also challenges the prosecutor's assertion that the evidence is "overwhelming" and cites to *State v. Hopkins,* 782 P.2d 475 (Utah 1989). In that case, the prosecutor told the jury that the State was impressed with the evidence, but could not explain why:

> The fact that this representative of the State is plainly impressed by the evidence is no call for you to be impressed by the evidence. . . . It is impossible for me to convey in words in any capacity why the State is so impressed with the evidence in this case.

*Id.* at 479 (emphasis omitted). The court noted that it was likely error for the prosecutor to assert that the State was impressed with the evidence without offering an explanation, but ultimately concluded that the error was harmless. *See id.* at 480. Unlike *Hopkins,* the prosecutor here asserted that the evidence was "overwhelming" due to the evidence heard at trial, namely, A.L.'s own testimony and other witnesses who testified to her prior consistent statements. Hence, the prosecutor does not ask the jury to simply trust the State's assessment of the matter, but claims that the evidence viewed by the jury at trial supports the State's position.

¶ 16 In sum, we cannot conclude that the prosecutor's statements taken individually were " 'of such a magnitude that there is a reasonable likelihood of a more favorable outcome for the defendant.' " *State v. Dean,* 2004 UT 63, ¶ 22, 95 P.3d 276 (citation omitted). Similarly, we cannot conclude that " ' "the cumulative effect of . . . several errors undermines our confidence . . . that a fair trial was had." ' " *State v. Hamilton,* 2003 UT 22, ¶ 56, 70 P.3d 111 (citations omitted) (alterations in original). We therefore affirm Defendant's conviction.

¶ 17 WE CONCUR: GREGORY K. ORME and WILLIAM A. THORNE JR., Judges.