FILED
United States Court of Appeals
Tenth Circuit

March 29, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

HENRY C. HOPKINS,

      Petitioner - Appellant,

v.

HANK GALETKA,

      Respondent - Appellee.

No. 09-4212

(D. Utah)

(D.C. No. 2:99-CV-00652-DB)

---

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this proceeding. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Henry C. Hopkins, a Utah state prisoner proceeding *pro se*, seeks a certificate of appealability ("COA") in order to appeal the denial of Mr. Hopkins' motion, pursuant to Fed. R. Civ. P. 60(b), challenging the district court's 2001

---

[*]This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

dismissal of Mr. Hopkins 28 U.S.C. § 2254 petition for a writ of habeas corpus. We deny Mr. Hopkins a COA and dismiss this appeal.

Mr. Hopkins was convicted in a Utah state court of aggravated sexual assault, and was sentenced to a mandatory minimum sentence of five years to life. The Utah Supreme Court affirmed his conviction on direct appeal. State v. Hopkins, 782 P.2d 475 (Utah 1989). In October 1989, Mr. Hopkins apparently filed a motion in state court to correct an illegal sentence. That petition was denied in November 1989, and Mr. Hopkins did not appeal that denial or pursue any further state court proceedings.[1]

Mr. Hopkins then filed the instant federal habeas petition on August 20, 1999. On September 17, 2001, the district court dismissed the petition as barred by the applicable statute of limitations. On June 2, 2009, Mr. Hopkins filed a "Motion for Release from Judgment or Order," arguing that the government had committed fraud upon the court, that the district court committed plain error by

---

[1]The record in this case is very sparse and it is difficult to discern what exactly happened in the years between Mr. Hopkins' conviction and today. While the district court order currently under review does not allude to it, Mr. Hopkins also apparently filed a 28 U.S.C. § 2254 petition for a writ of habeas corpus on January 22, 1990. He argued there was insufficient evidence to support his conviction, that the court had erroneously refused requested jury instructions, that the prosecutor made improper remarks during closing argument, that the court erroneously denied Mr. Hopkins' motion for a mistrial, and that appellate counsel was ineffective. The matter was referred to a magistrate judge, who recommended dismissal of the petition because it contained both exhausted and unexhausted claims. See Rose v. Lundy, 455 U.S. 509 (1982). The district court adopted the magistrate's report and recommendation and dismissed the petition on July 30, 1990.

applying the requirements of the Anti-Terrorism and Effective Death Penalty Act

("AEDPA") to his case, and that the judgment of the district court is void. The

district court denied his motion, with the following explanation:

> "Rule 60(b) relief is extraordinary and may only be granted in
> exceptional circumstances." Beugler v. Burlington Northern & Santa
> Fe Ry. Co., 490 F.3d 1224, 1229 (10th Cir. 2007) [further quotation
> omitted]. To obtain relief a "motion under Rule 60(b) must be made
> within a reasonable time." Fed. R. Civ. P. 60(c)(1). Specifically, a
> motion based on fraud must be made "no more than a year after the
> entry of the judgment or order." Id. In this case, the court's order
> dismissing petitioner's petition for habeas corpus was entered on
> September 2001, eight years prior to the motion before the court. By
> the plain language of the rule, petitioner's claim of fraud is untimely.
> Arguments that the judgment is void, however, are "not subject to
> any time limitations." Orner v. Shalala, 30 F.3d 1307, 1310 (10th
> Cir. 1994). Accordingly, the court considers Hopkins's argument
> that the order was void.
>     An order is void for Rule 60(b)(4) purposes if the "rendering
> court was powerless to enter it" due to lack of jurisdiction over the
> parties or subject matter. Gschwind v. Cessna Aircraft Co., 232 F.3d
> 1342, 1346 (10th Cir. 2000) [further quotation omitted]. In his
> motion, Hopkins failed to set forth any argument that would entitle
> him to relief under this standard. The court notes, that as a matter of
> statute, the district court has jurisdiction over petitions for habeas
> corpus. See 28 U.S.C. § 2241(a) (2008).
>     Finally, Hopkins does not offer "any other reason" in his
> motion that merits relief under rule 60(b)(6). Therefore petitioner's
> motion is DENIED.

Order at 1-2, R. Vol. 1 at 225-26. Mr. Hopkins now seeks a COA in order to

appeal that denial.

The issuance of a COA is jurisdictional. We will issue a COA "only if the

applicant has made a substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2). To make this showing, Mr. Hopkins must demonstrate

"that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court has rejected a claim on its merits, the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. When the district court dismisses a petition on procedural grounds, the applicant must not only make a substantial showing of the denial of a constitutional right; he must also demonstrate that the district court's "dismissal on procedural grounds was debatable or incorrect." Id. at 485. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id. at 484.

As is evident from the district court's brief and succinct dismissal of Mr. Hopkins' motion, Mr. Hopkins fails to make a substantial showing of the denial of a constitutional right. Further, he does not cast doubt upon the district court's procedural analysis. Accordingly, we deny Mr. Hopkins a COA. We also deny Mr. Hopkins permission to proceed on appeal *in forma pauperis ("ifp")*.

For the foregoing reasons, we DENY a COA and DENY permission to proceed *ifp*, and we DISMISS this matter.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge