■ GILBERT DIEMER et al., Respondents, v EDNA E. GOAD, Appellant.— Appeal from a judgment of the Supreme Court, entered March 27, 1979 in Schenectady County, upon a verdict rendered at a Trial Term, in favor of plaintiff. On June 26, 1972, plaintiff, Helen Diemer, a passenger in a pickup truck, sustained physical injuries when the vehicle left the traveled portion of the highway and struck a building. The driver was deceased when removed from the vehicle. Later on the day of the accident an autopsy was performed and it found that the driver died from a heart attack. The record establishes that the accident either was caused by the driver's negligence or by a fatal heart attack as there is no other explanation for the initial loss of control of the vehicle. The plaintiff, Helen Diemer, testified as the sole eyewitness to the accident and upon her version that the decedent simply drove from the highway and caused her injuries, she established a prima

facie case of negligence. *(Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132.) The defendant relied upon the cross-examination of the plaintiff, Helen Diemer, and her conflicting versions of the actions of the decedent immediately before leaving the highway and as the vehicle left the highway, as well as the autopsy, to establish the defense of unavoidable accident. The trial court charged the jury that it could find in favor of plaintiffs if it should find that the decedent negligently operated the vehicle or, over the objection-exception of defendant, if the jury should find that although the accident was caused by a heart attack, the decedent knew or should have known that such an attack was likely and nevertheless operated the vehicle. While the charge is not erroneous as to form, the defendant properly brought to the court's attention her position that there was no evidence in the record to support the latter charge of knowledge of an impending heart attack as a basis of negligence. Upon the present record, the defendant's objection to a charge based upon knowledge of an impending heart attack should have been sustained. The test of rationality to support a jury verdict *(Martin v City of Albany,* 42 NY2d 13, 18) is not satisfied by evidence which, at best, would establish a fact by "mere conjecture, surmise, speculation, bare possibility or a mere scintilla". *(Laidlaw v Sage,* 158 NY 73, 97.) The jury rendered a general verdict for the plaintiffs and since one possible basis for its verdict is not sustainable, the judgment must be reversed (see *Dillon v Socony Mobil Oil Co.,* 9 AD2d 835; *Le Glaire v New York Life Ins. Co.,* 8 AD2d 186, 190, app dsmd 7 NY2d 901). Judgment reversed, on the law and the facts, and a new trial ordered, with costs to abide the event. Sweeney, J. P., Kane, Main, Casey and Herlihy, JJ., concur.