■ CARMEL PADULA et al., Respondents, v BIG V SUPERMAR-

KETS, INC., Doing Business as SHOP RITE, Appellant.—Weiss, J. Appeals (1) from a judgment of the Supreme Court (Cheeseman, J.), entered March 5, 1990 in Albany County, upon a verdict rendered in favor of plaintiffs, and (2) from an order of said court, entered April 17, 1990 in Albany County, which denied defendant's motion to set aside the verdict.

Plaintiff Carmel Padula (hereinafter plaintiff) was injured when she slipped and fell on a wet floor in the front section of defendant's supermarket at 12:30 P.M. on January 31, 1987. Plaintiffs subsequently commenced this action against defendant. Supreme Court denied defendant's motion for summary judgment made on the eve of trial, and after a jury trial plaintiffs* were awarded damages. Defendant's motion to set the verdict aside was also denied, and defendant has appealed.

With respect to the denial of the motion for summary judgment, defendant contends that plaintiffs failed to demonstrate that it was chargeable with either actual or constructive notice of a dangerous condition caused by the wet floor, or that it had actually created that condition. Defendant submitted an affidavit from Bill Jeffords, its store manager, stating that when he observed plaintiff at the accident scene following her injury, he inspected the area and found that it was clean and dry. He also stated that he believed that none of defendant's employees had knowledge of any hazardous condition. However, the basis of his belief remained unstated. Accordingly, we find that defendant has failed in the first instance to properly address the issue of notice. The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case *(Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853). A failure to do so requires denial of the motion regardless of the sufficiency of the opposing papers *(supra).*

Here, however, plaintiffs submitted proof in opposition to the motion which showed that the area of the accident was wet; that it had snowed the preceding day and during the morning on the day of the accident; and that the accident occurred in a heavy traffic area where customers entered from the slushy parking lot with wet shopping carts. The accident occurred immediately in front of the service manager's desk. A reasonable inference could be drawn that the water accu-

---

* Plaintiff Charles Padula is plaintiff's spouse and sought damages for loss of consortium.

mulated gradually by the dripping from the wet carts and from customers' footwear, and that the process took a sufficient time so that defendant could be charged with constructive notice of the condition (see, Cincotta v Big V Supermarkets, 168 AD2d 818; Newman v Great Atl. & Pac. Tea Co., 100 AD2d 538). When a property owner or an operator " 'invites the participation of the public in his operation, necessarily he must recognize and be ready to discharge a heightened duty arising out of the dangers reasonably to be expected from that participation' " (Kelsey v Port Auth., 52 AD2d 801, quoting Cameron v Bohack Co., 27 AD2d 362, 365). As the situation here was a recurrent one in times of inclement winter weather, an inference could be drawn that defendant had actual knowledge of a recurrent dangerous condition and therefore could be charged with constructive notice of each specific reoccurrence of the condition (see, Weisenthal v Pickman, 153 AD2d 849, 851). Accordingly, summary judgment was properly denied. Much more comprehensive evidence of constructive and actual notice was established on the trial warranting submission of the notice issue to the jury (see, Kelsey v Port Auth., supra, at 801).

Defendant next contends that Supreme Court erred in its charge to the jury with respect to a possible finding that defendant created the hazardous condition. Defendant argues that there was no proof that it intentionally or deliberately caused the condition. Initially, we observe that the affirmative acts which cause a situation need not be intentional or deliberate. Here there are affirmative acts. Grocery carts necessary for the operation of the store were by design stored by defendant outside where they were exposed to the elements without any arrangement or provision for drying prior to indoor use. Defendant specifically permitted customers to take the store-provided carts outside and into the parking lot in inclement weather, again without arrangement for drying prior to reuse inside the store. The testimony showed that snow and slush from the parking lot was carried into the store by the carts. The location of the fall was near the front door in a heavily traveled area on the busiest day of the week. Defendant clearly was in charge of and had direction and control over the activity which resulted in the accumulation of water on the floor at the accident site. Although store employees testified as to the standard practices used to address the situation, this record contains evidence to provide a sufficient basis warranting the charge in question (see, McGill v Bohack Corp., 69 AD2d 853).

Defendant also contends that plaintiffs failed to prove the cause of the accident. Contrary to this argument, there is ample evidence to show that plaintiff slipped and fell, including the incident report made by a store employee who witnessed the fall. The report indicated that plaintiff was wearing low heel rubber-bottomed boots. While store employees stated that the floor was without moisture or dirt, the record contains evidence to the contrary. Plaintiffs therefore presented a prima facie case showing that the slip and fall was a natural and probable consequence of the condition present on the floor *(see, Gordon v American Museum of Natural History,* 67 NY2d 836, 838). Accordingly, the judgment and order must be affirmed.

Judgment and order affirmed, without costs. Weiss, Mikoll and Harvey, JJ., concur.

Mahoney, P. J., and Crew III, J., dissent and vote to reverse in a memorandum by Crew III, J.   Crew III, J. (dissenting). We respectfully dissent.

While we concur with the majority that there was sufficient evidence presented from which a jury could have concluded the existence of a dangerous condition and constructive notice thereof, we are of the opinion that Supreme Court erred in charging the jury that it need not consider the issue of notice if it determined that defendant created the hazardous condition.

There is no doubt that if defendant, by affirmative act, created the dangerous condition, plaintiffs were relieved of proving actual or constructive notice *(see, Cook v Rezende,* 32 NY2d 596; *Fink v Board of Educ.,* 117 AD2d 704, *lv denied* 68 NY2d 607). The problem in the instant case is that there is no evidence in the record that defendant created the dangerous condition. The majority would have us believe that because defendant provided carts for use by its customers and permitted the carts to be pushed into a parking lot covered with snow and slush, that their use in the store by other customers without being dried constituted the affirmative creation of the dangerous condition. We cannot accept that analysis.

Assuming, arguendo, that the majority's analysis is appropriate, there is no evidence that the carts were the result of the condition causing plaintiff Carmel Padula's fall, as opposed to customers tracking in the snow and slush *(cf., Miller v Gimbel Bros.,* 262 NY 107). More importantly, defendant's "act" in permitting its customers to come into the store with carts rendered wet by inclement weather is no different than

permitting the customers themselves to enter the store in such condition. Certainly in the latter event we would not conclude, nor has it ever been held, that defendant created a dangerous condition. It has long been recognized that a store owner cannot prevent water and snow from being brought into its store during inclement weather, and an owner is not responsible for injuries caused thereby unless it is shown that the owner failed to use reasonable care to remedy conditions which had become dangerous *(supra)*. We are of the opinion, therefore, that Supreme Court's charge on the issue was error. Inasmuch as the jury rendered a general verdict and one possible basis for its verdict is not sustainable, we would reverse and order a new trial *(see, Diemer v Goad,* 78 AD2d 752).