■ Stefan Bilicki et al., Respondents, v American Society for the Prevention of Cruelty to Animals et al., Defendants, and Koren-DiResta Construction Co., Inc., Defendant and

Third-Party Plaintiff-Appellant. PAR-PAR CONTRACTING CORP., Third-Party Defendant-Respondent. [655 NYS2d 387] —In an action to recover damages for personal injuries, etc., the defendant Koren-DiResta Construction Co., Inc., appeals from a judgment of the Supreme Court, Kings County (Yoswein, J.), entered January 16, 1996, which, upon a jury verdict finding it 70% at fault, the defendant American Society for the Prevention of Cruelty to Animals 25% at fault, and the third-party defendant Par-Par Contracting Corp. 5% at fault in the happening of the accident, (1) is in favor of the plaintiffs and against it and (2) awarded judgment in its favor against Par-Par Contracting Corp. in the principal sum of only $7,969.84.

Ordered that the judgment is modified, on the law, by deleting from the fourth decretal paragraph thereof the sum of $7,969.84 and substituting therefor the sum of $10,626.46; as so modified, the judgment is affirmed, without costs or disbursements.

The plaintiff Stefan Bilicki was injured in a construction site accident and commenced an action against the defendants based, *inter alia*, upon Labor Law §§ 200 and 241 (6). The jury found that the defendant American Society for the Prevention of Cruelty to Animals (hereinafter the ASPCA), the defendant Koren-DiResta Construction Co., Inc. (hereinafter Koren-DiResta), and the third-party defendant Par-Par Contracting Corp. (hereinafter Par-Par) were negligent under Labor Law §§ 200 and 241 (6). The jury further found the ASPCA 25% at fault, Koren-DiResta 70% at fault, and Par-Par 5% at fault in the happening of the accident. On appeal, Koren-DiResta argues that the findings that it was negligent under Labor Law § 200 and that it was 70% at fault in the happening of the accident are against the weight of the evidence. We disagree.

A jury verdict should only be set aside as against the weight of the evidence if the verdict could not have been reached on any fair interpretation of the evidence (*see, Nicastro v Park*, 113 AD2d 129, 133). Upon review of the record, we find that the jury's determination that Koren-DiResta violated Labor Law § 200 and the jury's apportionment of fault were a fair interpretation of the evidence (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876).

However, we find that the trial court erred in calculating the amount of the plaintiffs' damages to be paid by the third-party defendant to Koren-DiResta. The ASPCA entered into a settlement with the plaintiffs in the amount of $175,000, which amount was properly deducted from the total award of $334,396.74 ($284,396.74 to the plaintiff Stefan Bilicki and

$50,000 to the plaintiff Adele Bilicki) (General Obligations Law § 15-108). The trial court improperly held that Par-Par should pay 5% of the remaining amount (i.e., 5% of $159,396.74). The court should have apportioned the remaining damages between Koren-DiResta and Par-Par, respectively, using a 70:5 ratio. Accordingly, the award to Koren-DiResta against Par-Par must be increased to $10,626.45. Copertino, J. P., Sullivan, Friedmann and Goldstein, JJ., concur.