■ PAUL V. RANDAZZO, Appellant, v CONSOLIDATED EDISON COMPANY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent. INTERNATIONAL DISMANTLING AND MACHINERY CORP., Third-Party Defendant-Respondent. [706 NYS2d 467] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Richmond County (J. Leone, J.), entered March 22, 1999, which, upon a jury verdict in favor of the defendant, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

On November 12, 1990, the plaintiff was working for the third-party defendant International Dismantling and Machinery Corp. on an asbestos removal project at a generating plant of the defendant Consolidated Edison Company of New York (hereinafter Con Edison) in Staten Island, when plywood planks were blown onto him by a strong gust of wind, causing personal injuries. Thereafter, the plaintiff commenced this ac-

tion against Con Edison to recover damages for alleged violations of Labor Law §§ 200 and 241 (6).

With respect to the cause of action pursuant to Labor Law § 241 (6), the plaintiff alleged violations of 12 NYCRR 23-2.1 (a); 23-3.3 (c) and (k) (1) (ii) of the Industrial Code. Although we agree with the plaintiff that those provisions of the Industrial Code contain the concrete specifications required to sustain a Labor Law § 241 (6) cause of action (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Gawel v Consolidated Edison Co.,* 237 AD2d 138, 139; *Cafarella v Harrison Radiator Div.,* 237 AD2d 936, 938), the Supreme Court properly concluded that those provisions are not applicable to the facts of this case and properly dismissed that. cause of action (*see generally, Conway v Beth Israel Med. Ctr.,* 262 AD2d 345).

The plaintiff also contends that the verdict was against the weight of the evidence. A jury verdict should be set aside as against the weight of the evidence only if the verdict could not have been reached on any fair interpretation of the evidence (*see, Bilicki v American Socy. for Prevention of Cruelty to Animals,* 237 AD2d 239, 240; *Nicastro v Park,* 113 AD2d 129, 133). The jury's determination that the work site where he was injured was not "in an unsafe condition" was a fair interpretation of the evidence.

The plaintiff's remaining contention, that the Supreme Court erred in instructing the jury that it could take into consideration any culpable conduct on his part, is without merit, as there was sufficient evidence to support the charge (*see, Diemer v Goad,* 78 AD2d 752, 753; *cf., Bell v City of New York,* 256 AD2d 290). Bracken, J. P., Ritter, Krausman and Smith, JJ., concur.