2013 UT App 235

## THE UTAH COURT OF APPEALS

BRIAN WOLFERTS,
Petitioner and Appellee,
*v.*
SONJA MICHELLE WOLFERTS,
Respondent and Appellant.

Opinion
No. 20110646-CA
Filed October 3, 2013

Fourth District, American Fork Department
The Honorable Christine S. Johnson
No. 074100003

Steve S. Christensen, Craig L. Pankratz, Samuel J.
Sorensen, and Matthew Hilton, Attorneys for
Appellant
Ronald D. Wilkinson and Nathan S. Shill,
Attorneys for Appellee
Martha Pierce, Guardian ad Litem

JUDGE WILLIAM A. THORNE JR.[1] authored this Opinion, in which
JUDGES JAMES Z. DAVIS and MICHELE M. CHRISTIANSEN
concurred.

THORNE, Judge:

¶1     Appellant Sonja Michelle Wolferts (Mother) appeals from
three of the district court's orders: the May 5, 2010 order enforcing
contempt provisions; the Findings of Fact, Conclusions of Law, and

---

[1]Judge William A. Thorne Jr. participated in and voted on
this case as a regular member of the Utah Court of Appeals. He
retired from the court before this decision issued.

Order of Modification modifying child custody; and the Ruling and Order on Petitioner's Request for Fees and Costs awarding attorney fees and costs to Appellee Brian Wolferts (Father). We affirm.

BACKGROUND

¶2 In 2004, Father filed for divorce. In 2007, the parties stipulated that Mother would have primary custody of the parties' three minor daughters (the Children) and Father would receive parent-time. The district court entered an amended decree based on the parties' stipulation on December 5, 2007.

¶3 On March 27, 2008, Mother filed a petition to modify seeking to restrict Father's parent-time and require that his parent-time be supervised. Father answered Mother's petition, requested the court dismiss her petition, and filed a counter-petition wherein he requested sole legal and physical custody of the Children. On April 17, 2009, the Guardian ad Litem (GAL) filed a verified motion seeking an order to show cause for contempt against both Mother and Father. The GAL alleged that both parties had failed to engage in required individual therapy until released by the therapist. The GAL also alleged that Mother failed to make payments to the court-appointed special master, to initiate a custody evaluation and a psychological evaluation with "specific testing" as ordered, to release medical records for the Children, and to ensure that the Children were receiving filial therapy. In August 2009, the commissioner held a hearing on the GAL's order to show cause motion. At that hearing, the GAL withdrew his order to show cause motion as to Father but proceeded against Mother. The commissioner recommended that the district court grant the GAL's motion and sanction Mother by striking her pleadings and entering a default against her. The commissioner then stayed the sanctions until October 6, 2009, to give Mother an opportunity to purge her contempt, and set a hearing date. Mother did not object to the commissioner's recommendation, and the district court signed the order.

¶4 At the October 6 hearing, the commissioner determined that Mother had failed to purge her contempt and recommended the sanction stay be lifted. Mother objected to the determination that she had failed to purge her contempt and requested an evidentiary hearing. The district court held such a hearing, and Mother testified regarding her compliance. The district court found that the commissioner's order required Mother to submit an affidavit from the special master to demonstrate that Mother was in full compliance with the order. The special master's affidavit stated that Mother was in partial compliance. The court further found that Mother's testimony was consistent with the special master's statement that Mother was only in partial compliance. The district court denied Mother's objection to the commissioner's determination that Mother had not complied with the order.

¶5 Following the entry of Mother's default, the district court then proceeded to hold a best interests hearing on whether a transfer of custody to Father was in the best interests of the Children. At the hearing, Father's attorney and the GAL both argued that because Mother was found in default she had given up her right to fully participate in the best interests hearing and should only be permitted to cross-examine witnesses. Mother's attorney conceded that Mother's ability to participate in the hearing was limited because of her default but argued that Mother should still be able to testify on her own behalf and call a few lay witnesses. Mother's attorney also conceded that the court would have enough information about the case from the professionals that Father intended to call to testify to determine the best interests of the Children. The court determined that the lay witnesses that Mother intended to call did not add much to what the court was to consider, especially given the professionals that Father intended to call to testify. The court further noted generally that once defaulted a party's ability to participate is limited, and the court then determined that because Mother was found in contempt her participation would be limited. The court did allow Mother to participate in cross-examination of the witnesses but declined to allow her to call additional witnesses.

¶6    After considering the evidence and legal arguments, the district court found that the expert witnesses who all testified that Mother was not cooperative were credible[2] and, conversely, that Mother was not credible.[3] The court also found, among other things, that Mother inappropriately coached the Children, interfered with parent-time and the Children's relationship with Father, and did not appreciate that her behavior was harmful to the Children. Thereafter, the district court transferred custody of the Children to Father. Mother appeals.

## ISSUES AND STANDARDS OF REVIEW

¶7    Mother argues that the district court erred when it punished her for contempt of court without conducting an evidentiary

---

[2]Specifically, the court found that the special master "was deliberative and contemplative in all of her answers" and "firmly believes that her duty is to . . . assist the parents in working together to resolve the numerous issues." The court also found that Dr. Harold Blakelock, the court-appointed custody evaluator, "demonstrated a desire to work with both parents and make a fair assessment regarding the best interests of the children." Lastly, it found that Ms. Kaydeen Jensen, Administrative Director for the Family Academy, "expressed on the stand a desire to assist both parents" and "credibly testified that she believed . . . that [Mother had] coached the children."

[3]The court noted that Mother's testimony demonstrated a thinly veiled, hostile manner. The court found that "[c]onsistent with the opinions of the experts in this manner, [Mother's] testimony and demeanor demonstrated that she is not cooperative in other manners." The court determined that Mother's "testimony [was] not credible. [Mother] testified that she was cooperative, but this is belied by the Court's experience, as well as by the testimony of Dr. Blakelock, Ms. Dredge, and Ms. Jensen who all testified that [Mother] was not cooperative."

hearing. Because Mother did not preserve this issue for appeal, she seeks review under the plain error standard. *See State v. Weaver*, 2005 UT 49, ¶ 18, 122 P.3d 566 (identifying plain error as an exception to the preservation rule).

¶8     Mother next argues that the district court erred by impermissibly striking her pleadings as a sanction for contempt of court. "An order relating to contempt of court is a matter that rests within the sound discretion of the [district] court." *Chen v. Stewart*, 2005 UT 68, ¶ 44, 123 P.3d 416 (alteration in original) (citation and internal quotation marks omitted). "We accordingly review the sanctions imposed by the district court for an abuse of that discretion." *Id*.

¶9     Mother also argues that the court violated her due process rights when it deprived Mother of her constitutional right to testify and present evidence at the hearing to determine the best interests of the Children. "Constitutional issues, including questions regarding due process, are questions of law that we review for correctness." *Chen v. Stewart*, 2004 UT 82, ¶ 25, 100 P.3d 1177.


ANALYSIS

I. Contempt Proceeding

¶10    Mother argues that the district court erred when it punished her for contempt of court without conducting an evidentiary hearing. Mother did not preserve this issue and seeks review under the plain error standard.[4]

¶11    To demonstrate plain error, Mother must establish that "(i) an error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful, i.e., absent the error, there is a reasonable likelihood of a more favorable outcome for the

---

[4]Mother has withdrawn her related argument that the commissioner lacked authority to hold her in contempt.

appellant." *State v. Larsen*, 2005 UT App 201, ¶ 3, 113 P.3d 998 (internal quotation marks omitted). "If any one of these requirements is not met, plain error is not established." *Id.* (citation and internal quotation marks omitted).

¶12    Mother asserts that the district court erred when it held her in contempt, based on the commissioner's contempt recommendation, without conducting an evidentiary hearing. In support of this argument, Mother asserts that the commissioner did not allow her to confront any witnesses against her or to offer testimony on her own behalf before finding her in contempt of court.

¶13    At the contempt hearing, the commissioner allowed the GAL to present his motion for contempt against Mother. The commissioner also provided Mother, Father, and the special master an opportunity to address the contempt issues against Mother. After hearing the GAL's, Father's, and the special master's arguments in favor of a contempt finding against Mother, Mother was given an opportunity to address the contempt issues against her. Mother's attorney presented her argument in response to the contempt allegations and submitted the matter based on the evidence Father had presented and the argument she had presented. Mother's attorney did not seek to call any witnesses to rebut the statements made by the GAL, Father, or the special master in each of their arguments against Mother. Nor did Mother request the opportunity to testify on her own behalf. Because Mother never sought to call any witnesses or to testify at the contempt hearing, we do not agree with Mother that the commissioner deprived her of her right to confront witnesses or to testify on her own behalf before finding her in contempt. Instead, Mother merely failed to call her own witnesses or to testify herself. *Cf. Gardiner v. York*, 2010 UT App 108, ¶ 44, 233 P.3d 500 ("[I]n cases of . . . criminal contempt procedural due process requires that the defendant have assistance of counsel, if requested, *have the right to confront witnesses, and have the right to offer testimony on his behalf.*" (emphasis added) (citation and internal quotation marks omitted)).

¶14   In addition to this failure, Mother did not object or otherwise inform the district court of any dissatisfaction with the contempt proceeding conducted by the commissioner, i.e., that the commissioner had failed to conduct an evidentiary hearing. "A recommendation of a court commissioner is the order of the court until modified by the court." Utah R. Civ. P. 108(a). Because Mother did not object to the contempt proceeding procedure, the district court accepted the commissioner's recommendation and countersigned the contempt order. Based on these circumstances, we cannot conclude that Mother was denied an opportunity to fully address the contempt allegations against her.

¶15   In the alternative, Mother argues that the court erred because the conditions she was required to meet in order to purge her contempt were continually changing. Mother also argues that because she received the written order four days before the scheduled hearing, it was impossible for her to comply. Because Mother did not preserve either issue, she argues plain error. Mother's arguments are inadequately briefed. Rule 24(a)(9) requires that the argument section of a brief "contain the contentions and reasons of the appellant with respect to the issues presented, . . . with citations to the authorities, statutes, and parts of the record relied on." Utah R. App. P. 24(a)(9); *see also State v. Green*, 2004 UT 76, ¶ 13, 99 P.3d 820 ("Implicitly, rule 24(a)(9) requires not just bald citation to authority but development of that authority and reasoned analysis based on that authority." (citation and internal quotation marks omitted)).

¶16   Mother argues that she did not have sufficient notice of the requirements to purge her contempt because after she submitted affidavits that allegedly complied with the commissioner's August 2009 oral recitation of the requirements to purge contempt, the GAL submitted a written order on October 2, 2009—four days before the hearing—which included additional and different requirements. Although Mother provides a string cite of mostly out-of-state cases in support of her argument that a court cannot punish a party for failing to comply with an order that provides insufficient notice, Mother makes no attempt to conduct any substantial analysis of those cases. More importantly, Mother

simply does not detail what the additional or changed requirements were. Without this information it would be difficult if not impossible for this court to determine what, if any, of the requirements had changed. This information is also necessary to determine whether Mother had been given adequate notice of the requirements she must meet in order to purge her contempt.

¶17 Because Mother fails to provide any reasoned analysis and does not cite the recommendations that she argues were added or changed, we decline to address her insufficient notice issue based on inadequate briefing. *See Spencer v. Pleasant View City*, 2003 UT App 379, ¶ 20, 80 P.3d 546 ("It is well established that a reviewing court will not address arguments that are not adequately briefed." (citation and internal quotation marks omitted)).

## II. Contempt of Court Sanctions

¶18 Mother claims that the district court abused its discretion by striking her pleading as a sanction for her failure to comply with a custody evaluation order. Mother maintains that the court-ordered custody evaluation is not a discovery order and therefore the court had authority to enforce the custody evaluation order only through contempt proceedings, which authority she asserts does not allow a court to strike pleadings and enter a default against a noncompliant party. In the alternative, Mother argues that even if the custody evaluation order is considered a discovery order, the court abused its discretion by failing to notify her in advance that any violation of the custody evaluation order could result in a discovery sanction. Father counters that Mother failed to preserve these arguments in the district court.

¶19 An issue is preserved for appeal when it has been presented to the district court in such a way that the court has an opportunity to rule on that issue. *438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801. "To provide the court with this opportunity, the issue must be specifically raised [by the party asserting error], in a timely manner, and must be supported by evidence and relevant legal authority." *In re D.B.*, 2012 UT 65, ¶ 17, 289 P.3d 459

(alteration in original) (citation and internal quotation marks omitted).

¶20    Mother concedes, in her reply brief, that she did not raise below the issues related to the district court's ruling striking Mother's pleadings. She argues, however, that the preservation rule does not prohibit an appellant from raising and discussing controlling authority on appeal even if the controlling authority was not presented to the district court. Alternatively, Mother argues that this court should review her issues under the exceptional circumstance doctrine or plain error. Mother, however, raises both of these arguments for the first time in her reply brief. We will not consider matters raised for the first time in the reply brief. *State v. Weaver*, 2005 UT 49, ¶ 19, 122 P.3d 566 ("[T]his court has required the party seeking appellate review on issues not brought before the lower court to articulate the justification for review in the party's opening brief."). Because Mother neither preserved her arguments related to whether the district court abused its discretion by striking her pleading, as a sanction for contempt of court, nor timely asserted any exception to the preservation rule on appeal, we do not consider these issues further.

### III. Best Interests of the Children Hearing

¶21    Mother next argues that the district court deprived her of her constitutional right to testify and present evidence at the hearing to determine the best interests of the Children. Father urges this court to uphold the court's modification of the divorce decree, arguing that Mother waived her right to testify and invited error by her conduct and counsel's statements affirmatively representing that Mother would not be prejudiced by her inability to call witnesses and to testify on her own behalf at the best interests hearing. We decline to consider whether Mother waived or invited any error because we conclude, instead, that Mother failed to preserve the issue.

¶22    In her statement of preservation in her opening brief, Mother asserts that she preserved the issue of whether she should

be allowed to testify or present evidence at the child custody hearing. Mother did, indeed, preserve that issue by filing a motion and orally requesting that the court allow her to call witnesses and testify at the best interests hearing. She did not, however, preserve her argument that limiting her participation to only cross-examination of the witnesses deprived her of her constitutional right to testify and present evidence. The district court heard arguments from the parties regarding what rights Mother, as a defaulting party, would have to participate in the best interests hearing. At an evidentiary hearing, Father was required to demonstrate that the best interests of the Children would be served by having custody of the Children transferred to him. Although Mother requested that she be permitted to call her own witnesses and testify herself at the best interests hearing, she did not assert that she had a constitutional right to do so, nor did she argue she would be prejudiced by such a restriction.[5] As such, Mother did not

---

[5]In response to Father's argument that Mother should be prohibited from calling witnesses and testifying herself, Mother's attorney stated as follows:

> Your honor, [Father's attorney] is correct . . . regarding the witnesses that they are calling. The Court will have ample opportunity to hear about the case and to hear . . . what the professionals believe is in the best interest of the children.

> Which . . . from my knowledge is not going to be in my client's interest. Therefore, if I were to call witnesses on my client's behalf, . . . I'll concede at this point it is my belief that the Court will still make the proper finding. Or at least the Court will still have all of the evidence to make the finding.

> And so I don't think it will severely prejudice them, given all of the witnesses that they're going . . . to call, for example, the custody evaluator, . . . and all of the professionals.

> I don't have any professionals. I just simply

(continued...)

present her constitutional argument to the district court in such a way that it had an opportunity to rule on that issue. *438 Main St.*, 2004 UT 72, ¶ 51; *see also In re D.B.*, 2012 UT 65, ¶ 17 ("To provide the court with this opportunity, the issue must be specifically raised [by the party asserting error], in a timely manner, and must be supported by evidence and relevant legal authority." (alteration in original) (citation and internal quotation marks omitted)); *see also In re A.K.*, 2012 UT App 232, ¶ 22, 285 P.3d 772 ("[T]he preservation rule applies to every claim, including constitutional questions. . . ." (alteration and omission in original) (citation and internal quotation marks omitted)). Mother does not assert any exceptions to the preservation rule. As a result, we do not consider Mother's constitutional argument.[6]

---

[5](...continued)
have lay members of the community that know [Mother] to come forward. And to tell you the truth, I'm not sure how much weight that will carry with the Court.

    And so whether I call witnesses or not, I'll concede right now I'm not sure if that's gonna make a difference. So the Court might as well let me call witnesses if I've got two or three to call.

[6]Mother also argues that public policy required that the district court allow her to present evidence during the best interests hearing. Mother asserts that the court abused its discretion in limiting her participation in the best interests hearing because it impacts innocent third parties and unlawfully restricts the court's ability to consider the Children's best interests. Nonetheless, we decline to consider this issue because Mother did not provide this court with a citation to the record showing that the issue was preserved below, *see* Utah R. App. P. 24 (a)(5)(A), nor did she argue that any exception to the preservation rule applies, *cf. In re D.B.*, 2012 UT 65, ¶ 17, 289 P.3d 459.

IV. Attorney Fees on Appeal

¶23    Father requests attorney fees on appeal. "Generally, when the trial court awards fees in a domestic action to the party who then substantially prevails on appeal, fees will also be awarded to that party on appeal." *Leppert v. Leppert*, 2009 UT App 10, ¶ 29, 200 P.3d 223 (citation and internal quotation marks omitted). The district court awarded Father attorney fees and costs incurred in enforcing the court's order. Father has prevailed on appeal. Therefore, Father is entitled to reasonable attorney fees incurred on appeal. Accordingly, we award Father attorney fees on appeal and remand the matter to the district court for determination of the amount of that award.

CONCLUSION

¶24    Mother preserved neither her issues related to the district court's ruling striking her pleadings nor her constitutional issues in the district court. Therefore, we do not consider those issues on appeal. Mother also fails to establish that the district court committed any error in the manner in which it conducted the contempt proceedings in this matter. Moreover, Mother's insufficient notice arguments are inadequately briefed. For these reasons, we affirm the district court's orders.

¶25    Father was awarded costs and fees below, has prevailed on appeal, and now requests attorney fees on appeal. We therefore award fees, and remand the issue of Father's attorney fees to the district court for its assessment.

———————