**2015 UT App 105**

## THE UTAH COURT OF APPEALS

AVIVA GOWE,
Plaintiff and Appellant,
*v.*
INTERMOUNTAIN HEALTHCARE, INC.,
Defendant and Appellee.

Memorandum Decision
No. 20130884-CA
Filed April 30, 2015

Second District Court, Ogden Department
The Honorable Noel S. Hyde
No. 110902127

Steve S. Christensen, David M. Corbett, and Craig
L. Pankratz, Attorneys for Appellant

Peter H. Christensen, Kathryn T. Smith, and
Stephen J. Trayner, Attorneys for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Memorandum
Decision, in which JUDGES J. FREDERIC VOROS JR. and JOHN A.
PEARCE concurred.

CHRISTIANSEN, Judge:

¶1     Aviva Gowe was injured when she slipped and fell in the entryway of an Intermountain Healthcare clinic. She filed suit against Intermountain Healthcare, Inc. (IHC), alleging that she had slipped on a puddle of rainwater that IHC negligently allowed to accumulate on the tile floor. The district court granted summary judgment in favor of IHC, concluding that Gowe had failed to present any evidence that IHC knew that the puddle existed or had an opportunity to discover the unsafe condition before Gowe's fall.

¶2    On appeal, Gowe argues that IHC's actual or constructive notice of the unsafe condition could be reasonably inferred from the evidence she presented in opposition to summary judgment. We conclude that Gowe has failed to demonstrate error in the district court's summary judgment ruling, and we therefore affirm.

¶3    "Summary judgment is proper only if 'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" *Francis v. State*, 2013 UT 65, ¶ 19, 321 P.3d 1089 (omission in original) (quoting Utah R. Civ. P. 56(c)). "[W]e review a district court's grant of summary judgment for correctness, considering only whether the trial court correctly applied the law and correctly concluded that no disputed issues of material fact existed." *Id.* (citation and internal quotation marks omitted). And we view "the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Orvis v. Johnson*, 2008 UT 2, ¶ 19, 177 P.3d 600 (citation and internal quotation marks omitted). Gowe asserts that the district court erred in granting summary judgment, because "[t]here is a genuine issue of material fact as to whether IHC had actual or constructive knowledge of the puddle."

¶4    "The owner of a business is not a guarantor that his business invitees will not slip and fall." *Preston v. Lamb*, 436 P.2d 1021, 1023 (Utah 1968). Rather, a business owner "'is charged with the duty to use reasonable care to maintain the floor of his establishment in a reasonably safe condition for his patrons.'" *Jex v. JRA, Inc.*, 2008 UT 67, ¶ 25, 196 P.3d 576 (quoting *Schnuphase v. Storehouse Mkts.*, 918 P.2d 476, 478 (Utah 1996)). Thus, "[t]he mere presence of a slippery spot on a floor does not in and of itself establish negligence." *Price v. Smith's Food & Drug Ctrs., Inc.*, 2011 UT App 66, ¶ 8, 252 P.3d 365 (citation and internal quotation marks omitted). To prevail in a slip-and-fall case, a plaintiff must generally show the presence of a permanent unsafe condition for which the defendant was responsible or a temporary unsafe condition that the defendant had notice of and an opportunity to remedy. *Schnuphase*, 918 P.2d at 478.

¶5      Gowe argues that the puddle in the entryway of the clinic was a temporary unsafe condition and that she put forward sufficient evidence from which a jury could find that IHC had notice of the puddle.[1] Under a temporary-unsafe-condition theory, a plaintiff must show that the defendant had actual or constructive notice of the unsafe condition and that sufficient time elapsed after the defendant obtained such knowledge that the defendant should have remedied the condition. *Jex*, 2008 UT 67, ¶ 16. Gowe argues that the evidence she presented at summary judgment was adequate to create an issue of fact material to either actual and constructive notice.

¶6      Gowe first contends that the evidence she presented in opposition to summary judgment was sufficient to create an issue of fact as to whether IHC had actual notice of the puddle. To establish actual notice, Gowe needed to present evidence that the puddle presented a hazard of which IHC or its employees had actual knowledge. *See id.* She asserts that IHC's actual knowledge of the puddle can be inferred from evidence that IHC knew the clinic's floor could become wet during inclement weather, that clinic employees were responsible for keeping the waiting room in order, that the clinic's receptionist was in a position to see the water, that the water was on the floor long enough to be discovered, and that the size of the water puddle and placement of mats near the water were such that an IHC employee must have seen the water.

¶7      We do not reach the merits of this claim, because Gowe failed to present this argument to the district court in her opposition to summary judgment and thus failed to preserve it for appeal. We generally do not address unpreserved arguments raised for the first time on appeal. *Jacob v. Bezzant*, 2009 UT 37, ¶ 34,

---

1. Before the district court, Gowe argued primarily that IHC had created a permanent dangerous condition through a "method of operation" that involved negligent placement of carpet mats in the entryway of the clinic. Gowe has abandoned this argument on appeal.

212 P.3d 535. To preserve an argument for appellate review, the appellant must first present the argument to the district court "in such a way that the court has an opportunity to rule on [it]." *Patterson v. Patterson*, 2011 UT 68, ¶ 12, 266 P.3d 828 (alteration in original) (citation and internal quotation marks omitted).

¶8      In the district court, Gowe's principal theory of her case was that IHC's placement of the mats, not the puddle itself, was the unsafe condition that resulted in her injuries. Her only argument that IHC had actual notice of "the water accumulation itself" was a claim that the placement of the mats in the lobby "suggest[ed] that [IHC] may have moved the mat in order to clean up water accumulation, but had not cleaned it up yet." As a result, Gowe's opposition to summary judgment identified no other facts or evidence in support of her actual-notice theory. She did not present any evidence that IHC knew the floor could become slippery or that the receptionist or any other IHC employee was in a position to or had a responsibility to notice the puddle. While she presented evidence below that the puddle was "eight inches across," she did not argue to the district court, as she does on appeal, that the size of the puddle, the amount of time it had been on the floor, or the placement of the mats were such that an IHC employee must have actually seen the puddle before Gowe's fall.

¶9      The only evidence that Gowe argued was material to actual notice was her testimony that, on the day of the accident, one of the lobby mats "was much farther away from the door than it had been on previous occasions." While Gowe argued below that the placement of the mats "suggest[ed] that [IHC] may have moved the mat in order to clean up water accumulation" and that IHC therefore had actual knowledge of the puddle, she has not renewed this argument on appeal. Thus, Gowe never raised to the district court the actual-notice argument she now pursues on appeal.[2] That

---

2. We recognize that Gowe raised the "issue" of actual notice below. However, our supreme court has explained that, whether termed issues, arguments, theories, or claims, all matters must be

(continued...)

argument was therefore never presented to the district court in such a way that the court had an opportunity to rule on in, and we will not reverse the district court's summary judgment ruling on that basis. *See Patterson*, 2011 UT 68, ¶ 12.

¶10  Gowe also argues that IHC had constructive notice of the puddle. Constructive notice is generally imputed to a business owner when "the condition had existed long enough that he should have discovered it." *Schnuphase v. Storehouse Mkts.*, 918 P.2d 476, 478 (Utah 1996) (citation and internal quotation marks omitted). "To establish that a temporary condition existed long enough to give a store owner constructive notice of it, a plaintiff must present evidence that would show . . . that it had been there for an appreciable time." *Jex v. JRA, Inc.*, 2008 UT 67, ¶ 19, 196 P.3d 576 (omission in original) (citation and internal quotation marks omitted). However, we will not impute constructive notice "where there is no evidence regarding the amount of time the unsafe condition has existed." *Id.*

¶11  Gowe has not directed us to any record evidence regarding the amount of time the puddle had existed, such as witness testimony or floor-inspection logs that would tend to identify a range of time that the puddle had been present. *See Price v. Smith's Food & Drug Ctrs., Inc.*, 2011 UT App 66, ¶¶ 14, 17, 252 P.3d 365. Rather, Gowe relies on a New York case for the proposition that "[a] puddle in the entry way of a building after inclement weather

---

2. (...continued)

first presented to the district court to preserve them for appeal, as we will not reverse the district court for a reason not first presented to that court. *See Patterson v. Patterson*, 2011 UT 68, ¶¶ 14–17, 266 P.3d 828. Presentation of one argument or theory to the district court does not preserve for appeal any alternative arguments, even regarding the same issue. *See Salt Lake County v. Butler, Crockett & Walsh Dev. Corp*, 2013 UT App 30, ¶ 32, 297 P.3d 38. Thus, because Gowe never presented to the district court the theory of actual notice she has raised on appeal, her argument against the grant of summary judgment grounded in that theory is not preserved.

creates 'a reasonable inference . . . that the water accumulated gradually' and that the puddle was on the ground long enough to be discovered." (Quoting *Padula v. Big V Supermarkets, Inc.*, 570 N.Y.S.2d 850, 851 (App. Div. 1991).) However, in *Padula*, the plaintiff had submitted evidence not only that the area of the accident was wet and that it had snowed before the accident, but also that the accident occurred "in a heavy traffic area where customers entered from the slushy parking lot with wet shopping carts." 570 N.Y.S.2d at 851. There, the court concluded that, given this evidence, "[a] reasonable inference could be drawn that the water accumulated gradually by the dripping from the wet carts and from customers' footwear." *Id.* Thus, the *Padula* court had evidence before it that water had been brought into the store in a particular fashion and would have accumulated over time. Here, Gowe presented no evidence to explain how water may have entered IHC's clinic that could provide the basis for an inference of gradual accumulation. Indeed, the only record evidence even tenuously related to members of the public tracking water into the clinic that day is Gowe's testimony that it had rained that day but her own sandals were dry when she entered the clinic.[3]

¶12    Moreover, it is not clear that *Padula*'s approach to constructive notice is viable under Utah law. In *Jex v. JRA, Inc.*, our supreme court rejected a plaintiff's constructive-notice argument, concluding that the plaintiff presented insufficient evidence that a puddle had been present for an appreciable length of time. 2008 UT 67, ¶ 21, 196 P.3d 576. There, the plaintiff relied on evidence that store employees had been shoveling snow that morning and that the deep tread of their shoes was likely to track snow into the store.

---

3. Gowe asserts in her brief that the puddle had formed "in a high-traffic area where the Clinic's patients entered." However, she has pointed us to no record evidence of the volume of traffic at the clinic in general, or through this entrance on the date of the accident in particular, that could provide some basis for "[a] reasonable inference . . . that the water accumulated gradually by the dripping from . . . customers' footwear." *See Padula v. Big V Supermarkets, Inc.*, 570 N.Y.S.2d 850, 851 (App. Div. 1991).

*Id.* However, the supreme court observed that "while these arguments bear upon who created the puddle, they do little to establish how long it had been there." *Id.* The court concluded that where "conjecture and speculation is the only way to determine the length of time the puddle was on the floor," constructive notice could not be imputed to the defendants. *Id.* (citation and internal quotation marks omitted).

¶13    Here, even if we accept Gowe's assertion that the puddle accumulated in the clinic's entryway as rainwater dripped from patrons' shoes, we conclude that this argument "bear[s] upon who created the puddle" but does "little to establish how long it had been there." *See id.* Gowe's own testimony regarding the rain establishes only that "it had been raining at some point that day" and that she did not know when it had stopped. Gowe has simply not put forward evidence to show the puddle had been present for "an appreciable time" before the accident. *Id.* ¶ 19. Because the evidence is insufficient for a finding of constructive notice without resort to "conjecture and speculation," we conclude that Gowe has failed to establish a disputed issue of material fact that would preclude summary judgment on her constructive-notice argument. *See id.*¶ 21 (citation and internal quotation marks omitted).

¶14    We conclude that Gowe failed to present legally sufficient evidence that IHC had constructive notice of the puddle to create a genuine issue of material fact for trial. Gowe did not preserve her challenge to the district court's ruling that she failed to demonstrate actual notice. Because Gowe has not shown that IHC had notice of the temporary unsafe condition, she cannot demonstrate that IHC breached a duty owed to her. IHC was therefore entitled to judgment as a matter of law. We affirm the district court's grant of summary judgment to IHC.

————————