**2015 UT App 260**

## THE UTAH COURT OF APPEALS

RAYLIN ANDERSEN,
Appellant,
*v.*
ANDREA DROSSOS ANDERSEN, RYAN L. KELLY, YAIKO OSAKI
CARRANZA, KELLY & BRAMWELL PC, MOODY BROWN LAW, AND
ROBERT D. WARREN,
Appellees.

Per Curiam Decision
No. 20140885-CA
Filed October 29, 2015

First District Court, Brigham City Department
The Honorable Brandon J. Maynard
No. 140100093

Raylin Andersen, Appellant Pro Se

David C. Blum, Attorney for Appellee Andrea
Drossos Andersen

Steven M. Kelly, Attorney for Appellees Ryan L.
Kelly and Kelly & Bramwell PC

Justin D. Caplin, Attorney for Appellees Yaiko Osaki
Carranza and Moody Brown Law

Robert D. Warren, Appellee Pro Se

Before JUDGES GREGORY K. ORME, J. FREDERIC VOROS JR.,
and MICHELE M. CHRISTIANSEN.

PER CURIAM:

¶1 Raylin Andersen (Raylin) appeals the district court's separate orders dismissing each of the defendants and the award of attorney fees and costs to some of those defendants. We affirm.

¶2     The district court dismissed Raylin's original complaint against Defendant Andrea Drossos Andersen (Andrea) under rule 12(b)(6) of the Utah Rules of Civil Procedure for failure to state a claim, but the court granted Raylin leave to file an amended complaint. The First Amended Complaint added both additional claims and additional parties, to wit: (1) Raylin's ex-husband–Robert D. Warren, (2) the attorneys who represented Warren during the divorce proceedings–Yaiko Osaki Carranza and Moody Brown Law, and (3) the attorneys who represented Andrea, who is the ex-wife of Raylin's current husband, in divorce proceedings–Ryan L. Kelly and Kelly & Bramwell, PC.

¶3     Raylin makes three claims on appeal. First, she claims that the district court failed to follow the Utah Rules of Civil Procedure. Second, she claims that the district court did not make adequate findings of fact and conclusions of law to support orders granting the motions to dismiss. Third, she claims that the district court did not make adequate findings of fact and conclusions of law to support an award of attorney fees under the "bad faith" statute. *See* Utah Code Ann. § 78B-5-825 (LexisNexis 2012) ("In civil actions, the court shall award reasonable attorney fees to a prevailing party if the court determines that the action . . . was without merit and not brought . . . in good faith . . . .").

¶4     Raylin claims that timely filing of her notice of appeal preserved all of her issues for appeal. This is incorrect. In order to preserve an issue for appeal, an appellant must make a timely objection that provides the district court with an adequate opportunity to correct any claimed errors. "An issue is preserved for appeal when it has been presented to the district court in such a way that the court has an opportunity to rule on that issue." *Wolferts v. Wolferts*, 2013 UT App 235, ¶ 19, 315 P.3d 448. "To provide the court with this opportunity, the issue must be specifically raised [by the party asserting error], in a timely manner, and must be supported by evidence and relevant legal

authority." *Id.* (alteration in original) (citation and internal quotation marks omitted). An appellant is required to include a citation to the record showing that each issue was preserved in the district court. Utah R. App. P. 24(a)(5)(A). Raylin has not shown that her issues on appeal were adequately preserved. Even assuming that some of her claims of procedural error were preserved, the record does not demonstrate that she made any challenge in the district court to the adequacy of any findings of fact or conclusions of law made in support of the dismissal orders or an award of attorney fees and costs.

¶5    To the extent that they may be preserved, Raylin's claim that the district court failed to comply with the rules of civil procedure lack merit. The record does not support her claims that, as a pro se plaintiff, she was not appropriately notified of the recusal of the judges of the Second District Court and the transfer to the First District Court or that she was not given adequate time to respond to motions. Raylin next claims that rule 52(a) of the Utah Rules of Civil Procedure required the district court to make detailed findings of fact and conclusions of law before granting the motions to dismiss. To the contrary, rule 52(a) does not require findings of fact and conclusions of law to be made by the district court in ruling on motions. *See* Utah R. Civ. P. 52(a). "The court shall, however, issue a brief written statement of the ground for its decision on all motions granted under Rules 12(b) . . . when the motion is based on more than one ground." *Id.* In each of its orders, the district court stated that the order of dismissal under rule 12(b)(6) for failure to state a claim was based on the reasons stated in that parties' motion to dismiss. Under the circumstances of this case, this was adequate to advise Raylin of the grounds for the court's decision. Furthermore, Raylin neither objected in the district court nor asked for clarification of the basis for the court's ruling. She thus failed to preserve a claim that the district court's brief written statement was insufficient to comply with rule 52(a). For the first time in her reply brief, Raylin also asserts that the district court

was required to treat the motions to dismiss as motions for summary judgment and dispose of them accordingly. *See id.* R. 12(b). The claim is both untimely because it is raised for the first time in her reply brief and unpreserved.

¶6      To the extent that Raylin's arguments on appeal can be construed as claiming that the district court erred in granting dismissal of the First Amended Complaint for failure to state a claim for relief, the arguments are inadequately briefed. Rule 24(a)(7) of the Utah Rules of Appellate Procedure requires that "[a]ll statements of fact and references to the proceedings below shall be supported by citations to the record." Utah R. App. P. 24(a)(7). Rule 24(a)(9) requires the argument in an appellant's brief to "contain the contentions and reasons of the appellant with respect to the issues presented, including the grounds for reviewing any issue not preserved in the trial court, with citations to the authorities, statutes, and parts of the record relied on." *Id.* R. 24(a)(9). Raylin's brief does not contain appropriate citations to the record or clear or cohesive argument in support of her claims. "An issue is inadequately briefed when the overall analysis of the issue is so lacking as to shift the burden of research and argument to the reviewing court." *Mercado v. Hill*, 2012 UT App 44, ¶ 11, 273 P.3d 385 (citations and internal quotation marks omitted). An appellate court is not a depository into which parties may dump the burden of their argument and research. *See Smith v. Four Corners Mental Health Ctr., Inc.*, 2003 UT 23, ¶ 46, 70 P.3d 904. "[A]lthough we are reluctant to penalize self-represented litigants for technical rule violations, we will not assume an appellant's burden of argument and research." *Allen v. Friel*, 2008 UT 56, ¶ 9, 194 P.3d 903 (citation and internal quotation marks omitted). "An inadequately briefed claim is by definition insufficient to discharge an appellant's burden to demonstrate trial court error," *Simmons Media Group, LLC v. Wayker*, LLC, 2014 UT App 145, ¶ 37, 335 P.3d 885, and we therefore conclude that Raylin "has failed to carry [her] burden

of persuasion on appeal," *see id.* ¶ 40. On that basis, we affirm the orders dismissing the First Amended Complaint.

¶7     Raylin also claims that the district court erred in awarding attorney fees under Utah Code section 78B-5-825, commonly referred to as the bad faith statute. She asserts that the district court's factual findings were inadequate. However, Raylin failed to preserve this issue with an appropriate and timely objection to the adequacy of the findings of fact during the proceedings below. Furthermore, the district court's findings, although minimal, address the requirements of the statute. We therefore affirm the award of attorney fees and costs to Andrea.[1]

¶8     Andrea seeks an award of attorney fees incurred on appeal because she was awarded her attorney fees by the district court. *See Warner v. Warner*, 2014 UT App 16, ¶ 63, 319 P.3d 711 (awarding the prevailing party attorney fees incurred on appeal where the basis for the award was the bad faith statute). We award Andrea her attorney fees and costs reasonably incurred on appeal in an amount to be determined by the district court on remand. We do not award attorney fees and costs incurred on appeal to Yaiko Osaki Carranza and Moody Brown Law because they took no steps to effectuate the award under the bad faith statute in the district court, and they assert no other basis for an award under the appellate rules. We grant Ryan Kelly and Kelly & Bramwell PC their attorney fees and costs reasonably incurred on appeal in an amount to be determined by the district court on

---

1. Although Yaiko Osaki Carranza and Moody Brown Law obtained an order granting attorney fees under the bad faith statute, counsel for these parties withdrew two days later without taking any steps required to reduce the award to a judgment. Because the request for attorney fees was abandoned in the district court, we do not consider that potential award.

remand, pursuant to their request made under rules 33 and 40 of the Utah Rules of Appellate Procedure.

¶9      We affirm the order of dismissal. We remand for the determination of attorney fees as specified herein.

———————