2022 UT App 54

## THE UTAH COURT OF APPEALS

REBECCA A. HORNE,
Appellee,
*v.*
TODD D. HORNE,
Appellant.

Opinion
No. 20200845-CA
Filed April 28, 2022

Third District Court, Salt Lake Department
The Honorable Barry G. Lawrence
No. 194905732

Mary C. Corporon and Kristen C. Kiburtz, Attorneys
for Appellant

Marco C. Brown and A. Leilani Whitmer, Attorneys
for Appellee

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion,
in which JUDGES DIANA HAGEN and RYAN D. TENNEY concurred.

CHRISTIANSEN FORSTER, Judge:

¶1     Todd D. Horne appeals the district court's denial of his
motion to set aside the stipulated decree of divorce entered in his
divorce from Rebecca A. Horne. Because we determine that Todd
did not preserve the challenge he raises on appeal, we affirm.

BACKGROUND

¶2     Todd and Rebecca were married in 2014 and have one child
together. Rebecca is a lawyer and initiated divorce proceedings
based on allegations that Todd sexually assaulted her while she

was sleeping. According to Rebecca, Todd admitted to her that he had done this on several occasions.

¶3   According to Todd, between June and September 2019, as the parties were contemplating divorce, Rebecca told him "multiple times that she intended to report him to authorities and that he would be charged criminally for felony sexual assault, that his name would be listed on the sex offender's registry, that he would lose his job and his reputation along with it, and that he would go to jail or prison . . . if he contested at all what she wrote in the divorce documents." Rebecca filed for divorce on September 27, 2019. Todd hired an attorney on October 15, and that day, the attorney filed an appearance with the court. According to Todd, Rebecca was "livid" when she learned he had hired an attorney. That same day, Rebecca filed a police report alleging that Todd had sexually assaulted her. According to Todd, Rebecca then "pressured him to sign" the divorce settlement she had drafted and to discharge his attorney. Todd complied. Rebecca then informed the police that she "no longer wish[ed] to pursue criminal charges" and requested that they close the case. The final decree of divorce was signed in November.

¶4   Seven months later, in June 2020, Todd filed a motion in district court to set aside the divorce decree pursuant to rule 60(b)(6) of the Utah Rules of Civil Procedure. The grounds Todd asserted as a basis for setting aside the decree were that Rebecca "extort[ed] and blackmail[ed]" him "until he signed the stipulation, by advising him that she would make and pursue a false police report against him." He asserted that he agreed to the stipulation only as a result of this "duress" and that the resulting orders in the decree of divorce "as to child custody and as to property division, child support, and alimony were grossly unjust."

¶5   The district court denied Todd's motion after determining it was untimely under rule 60(b). Although Todd's motion had

relied on rule 60(b)(6)—"any other reason that justifies relief"—which requires that the motion be filed "within a reasonable time," the court determined that the reasons Todd actually asserted to justify setting aside the decree fell under rule 60(b)(3)—"fraud . . . , misrepresentation or other misconduct of an opposing party"—which requires that the motion be filed "not more than 90 days after entry of the judgment or order." Utah R. Civ. P. 60(b)–(c). Accordingly, because Todd filed his motion more than ninety days after entry of the decree of divorce, the court declined to set it aside. Todd now appeals.

## ISSUE AND STANDARD OF REVIEW

¶6     Todd argues that the district court should have determined that his motion was based on rule 60(b)(6) of the Utah Rules of Civil Procedure rather than rule 60(b)(3) because the court's failure to weigh the equities of the stipulation was an independent ground for relief. "A district court's determination that a motion is a rule [60(b)(3)] motion rather than a rule 60(b)(6) motion is a conclusion of law, which we review for correctness." *Yknot Global Ltd. v. Stellia Ltd.*, 2016 UT App 132, ¶ 13, 379 P.3d 36. However, "[w]e generally do not address unpreserved arguments raised for the first time on appeal." *Gowe v. Intermountain Healthcare, Inc.*, 2015 UT App 105, ¶ 7, 356 P.3d 683.

## ANALYSIS

¶7     Rule 60(b) of the Utah Rules of Civil Procedure allows a party to be relieved of a judgment for several different reasons. *See* Utah R. Civ. P. 60(b). Subsection six of the rule provides that a party may be relieved from a judgment for "any other reason that justifies relief" from the operation of the judgment. Our supreme court has explained that this "catch-all" provision of rule 60(b) "is meant to operate as a residuary clause." *Menzies v. Galetka*, 2006 UT 81, ¶ 71, 150 P.3d 480 (quotation simplified). Because rule

60(b)(6) permits a court to relieve a party from judgment only if the party alleges "any *other* reason justifying relief from the operation of the judgment," it "may not be relied upon if the asserted grounds for relief fall within any other subsection of rule 60(b)." *Id.* (quotation simplified); *see also id.* ("[T]he grounds for relief under 60(b)(6) are exclusive of the grounds for relief allowed under other subsections."). In fact, rule 60(b)(6) is to be "sparingly invoked and used only in unusual and exceptional circumstances." *Id.* (quotation simplified). A movant may not "circumvent[] the time limit applicable to motions based on reasons listed in subparagraphs (1), (2), and (3) by repackaging the claim as one under subparagraph (6)." *Thompson v. Wardley Corp.*, 2016 UT App 197, ¶ 18, 382 P.3d 682.

¶8     To the district court, Todd argued that he was "coerced under duress and extorted into signing the settlement documents" and that this "duress" provided a basis under rule 60(b)(6) to be relieved of the custody and property division provisions in the decree. As noted, the district court rejected Todd's argument and determined that duress fell under rule 60(b)(3). *See* Utah R. Civ. P. 60(b)(3) (identifying "fraud . . . , misrepresentation or other misconduct of an opposing party" as a ground supporting a motion to set aside). In other words, his "motion, though ostensibly based on subparagraph (6), was in substance merely a repackaged motion for relief under subparagraph (3)." *See Thompson*, 2016 UT App 197, ¶ 18. Todd does not renew his argument that duress falls under rule 60(b)(6).

¶9     Instead on appeal, Todd argues that although Rebecca's alleged fraud and duress justified setting the decree aside, he also alleged an "independent ground" under rule 60(b)(6), not fully considered by the district court, that would have allowed relief from the decree: that because "the District Court did not comply with its non-discretionary statutory obligation to consider the best interests of the child and the reasonableness and fairness of the property distribution" in signing the stipulated decree, the decree

should be set aside. *See* Utah Code Ann. § 30-3-5(1) (LexisNexis 2019) (outlining the court's discretion to make "equitable orders relating to the children, property, debts or obligations, and parties" in a decree of divorce); *id.* § 30-3-10(2) (outlining the court's responsibility to "consider the best interest of the child" in determining custody and parent-time). Rebecca, however, contends that Todd did not raise this specific argument below and it was therefore not preserved for appellate review. We agree.

¶10 This court's preservation requirement is well-settled. "An issue is preserved for appeal when it has been presented to the district court in such a way that the court has an opportunity to rule on that issue." *Wolferts v. Wolferts*, 2013 UT App 235, ¶ 19, 315 P.3d 448. "To provide the court with this opportunity, the issue must be specifically raised by the party asserting error, in a timely manner, and must be supported by evidence and relevant legal authority." *Id.* (quotation simplified).

¶11 Here, the district court was not given the opportunity to rule on the argument Todd now asserts on appeal—that before entering the stipulated decree of divorce, the court failed to exercise its duty to independently assess whether the parties' stipulation was equitable and provided for the best interests of the child. While Todd did assert below that the custody award was inequitable and not in the child's best interests, these assertions were framed as the undesirable results of Rebecca's duress, not as an independent ground for relief under rule 60(b)(6). Todd did not assert, as he now does, that the district court erred in accepting the stipulation without ensuring it was fair and in the best interests of the child. In fact, so far as we can tell, Todd made no mention of district court error, focusing his arguments entirely on Rebecca's actions.

¶12 In his reply memorandum on the motion to set aside, Todd vaguely stated that "the underlying order represents an extreme departure from the legal norm not otherwise supported by

findings as to why such should be the case." But "a party may not claim to have preserved an issue for appeal by merely mentioning an issue without introducing supporting evidence or relevant legal authority." *Pratt v. Nelson*, 2007 UT 41, ¶ 15, 164 P.3d 366 (quotation simplified). This statement—and similar statements peppered throughout his pleadings below—was not specific enough to alert the district court that it needed to consider the court's own entry of an allegedly inequitable decree as a basis to set aside. In that same reply, Todd broadly discussed a variety of cases where courts had considered grounds to fall under rule 60(b)(6). His discussion included general assertions about fairness, but he never clearly articulated the impact of fairness on the rule 60(b)(6) inquiry. Todd never focused on a specific "independent ground" as a basis to set aside the decree but instead attempted to analogize different aspects of his case to aspects of other cases where rule 60(b)(6) was invoked. To the extent that fairness was discussed, the concept was used to urge the court to be flexible and liberal in granting relief under rule 60(b) and to show that Todd had a meritorious defense as required to prevail under rule 60(b). The arguments about fairness were never articulated in such a way that the court would have understood Todd was asserting that the district court's own alleged error in accepting an unfair stipulation was an independent ground for relief.

¶13 Additionally, Todd did not support the argument with "evidence and relevant legal authority." *See Wolferts*, 2013 UT App 235, ¶ 19 (quotation simplified). He did not engage in any discussion of the parameters of the court's obligation to examine a stipulation for fairness or the best interests of the child before adopting its provisions in a decree of divorce. Instead, he asserted that the provisions were unfair as a result of the duress to which he was subjected. Indeed, the primary argument on which Todd focused the district court's attention was that the decree of divorce should be set aside because it was the result of "duress and blackmail" and that duress should fall under the catchall

provision of rule 60(b)(6) rather than the fraud, misrepresentation, or other misconduct provision of rule 60(b)(3).

¶14 Moreover, it is apparent that the district court did not, in fact, understand Todd to be making the argument he now makes on appeal. *Cf. Pratt*, 2007 UT 41, ¶ 24 (concluding that even though an argument was untimely and the court did not have the benefit of the other party's response, it was "preserved for appeal when the district court was given notice of the issue . . . *and* when the court in response to such notice made a specific ruling on the issue" (emphasis added)). Instead, the court construed Todd's arguments about unfairness as a response to Rebecca's assertion that he lacked a meritorious defense and discussed concerns about unfairness only in the context of addressing that issue.[1]

¶15 In short, simply expressing concerns about the fairness of the decree of divorce and whether it provided for the child's best interests did not present the "independent ground" of district court error in such a way that the district court had an opportunity to rule on whether any alleged court error justified setting aside the parties' decree of divorce. *See Wolferts*, 2013 UT App 235, ¶ 19. Accordingly, the question of whether that independent ground could support a motion to set aside under rule 60(b)(6) is not preserved for our review.[2]

---

1. In addition to asserting that Todd's motion was untimely, Rebecca argued that he lacked a meritorious defense because he could not prove that the terms of the settlement were unfair.

2. Todd does not assert that any exception to our preservation rule applies to his argument. *See generally State v. Johnson*, 2017 UT 76, ¶ 47, 416 P.3d 443 ("When an issue has not been preserved in the trial court, but the parties argue that issue on appeal, the parties must argue an exception to preservation for the issue to be reached on its merits.").

CONCLUSION

¶16    Because Todd has not preserved the argument he raises on appeal and has not argued that any exception to the preservation rule applies in this case, we decline to review it. We therefore affirm the district court's determination that the grounds for Todd's motion to set aside fell under rule 60(b)(3) of the Utah Rules of Civil Procedure and that his motion was therefore untimely.

———